*Copy mailed to pro se party at docket address.*



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 12-5-19

**THE CITY OF NEW YORK**

JAMES E. JOHNSON
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

RACHEL SELIGMAN WEISS
*Senior Counsel*
phone (212) 356-2422
fax: (212) 356-3509
email rseligma@law.nyc.gov

December 4, 2019

**VIA ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*This action is stayed until 30 days after the conclusion of the Dept. of Corrections investigation. Either side may move to lift the stay at any time. So ordered.*
*[signed] JG Koeltl*
*12/5/19 U.S.D.J.*

Re: William Thomas v. Deputy Warden Walker et al., 19-CV-7980 (JGK)

Your Honor:

I am a Senior Counsel and supervising attorney in the Special Federal Litigation Division of the New York City Law Department assigned to the above-referenced matter.[1] For the reasons set forth below, this Office respectfully requests a stay of the present civil proceeding in its entirety until thirty (30) days after the resolution of a Department of Corrections ("DOC") investigation into the underlying allegations in this case. This is the first such request in this matter.

By way of background, plaintiff, proceeding pro se, filed his Complaint on August 26, 2019. See Civil Docket Sheet No. 2. In his Complaint, plaintiff alleges that, on or about February 14, 2018, he learned that he was to be transferred from Rikers Island into the custody of the New York State Department of Corrections. See id. As plaintiff had undergone a medical operation a few days prior, plaintiff opposed the transfer, desiring extra time for recovery. See id. Plaintiff voiced his concerns to medical staff, but the decision was made to transfer plaintiff as planned. See id. According to plaintiff, when the time came for him to be transferred, members of a security team attempted to forcibly place him on the transfer bus, and punched and kicked him in the process. See id. Plaintiff alleges that he was then placed on a stretcher in the intake area, where his requests for medical attention were largely ignored. See id.

---

[1] Please take notice that this case is assigned to Assistant Corporation Counsel Jessica C. Engle, who is presently awaiting admission to the New York State Bar and is handling this matter under my supervision. Ms. Engle may be reached directly at (212) 356-0827, or jengle@law.nyc.gov.

On September 20, 2019, the Court ordered service of the named defendants, and ordered this Office to identify the John and Jane Doe defendants purportedly identified in plaintiff's Complaint, which this Office did by way of letter on November 19, 2019. See Civil Docket Sheet No. 9, 14. Pursuant to Federal Rule of Civil Procedure 4(d), defendants Captain Shawntay Nichols and Acting Warden Sharlisa Walker agreed to waive service on October 10, 2019. As such, their answers are due on December 9, 2019. Defendant Dr. Raul Ramos was served on October 24, 2019; his answer is due on December 23, 2019.

During the course of this Office's investigation into the underlying matter, we were informed by DOC that an investigation into the allegations which underlie this action is currently pending. Given the ongoing investigation, this Office cannot meet with the individually named DOC defendants, nor can we resolve representation issues as we must pursuant to New York General Municipal Law ("GML") Section 50-k. As this Court is aware, GML Section 50-k obliges the Corporation Counsel to reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident before assuming that employee's representation. See N.Y. Gen. Mun. L. §50-k. Specifically, this Office must determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." N.Y. Gen. Mun. L. §50-k(2). When "the act or omission upon which the court proceeding against the employee is based was or is also the basis of a disciplinary proceeding by the employee's agency against the employee, representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission." N.Y. Gen. Mun. L. §50-k(5).

When such a disciplinary proceeding or investigation is pending, this Office's ability to speak with the subjects of that investigation is limited. This policy is intended to safeguard against a conflict of interest that may arise between the individuals being investigated and the City of New York, as "where the City maintains misconduct has occurred and the employee claims no misconduct was involved, the Corporation Counsel, whose primary function is to represent the City, cannot represent the individuals." Mercurio v. New York, 758 F.2d 862, 864 (2d Cir. 1985). As such, this Office cannot speak with any of the individually named defendants to resolve representational issues, nor can this Office engage in any substantive communications with them out of concern that a conflict of interest may arise within this Office.

Further, until the investigation concludes, both parties will have limited access to any documents, recordings, or other information regarding the incident alleged in this case, or to any relevant materials generated by the DOC during the investigation, because they are protected from disclosure by the law enforcement privilege, which was created, inter alia, to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." Nat'l Congress for Puerto Rican Rights v. City of New York, et al., 99 Civ. 1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d Cir. 1998)). These same documents may also be protected from disclosure during the investigation's pendency by the deliberate process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356

(2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, and should this action therefore proceed concurrently with the DOC investigation, all parties will suffer from an informational deficit, and this Office will be unable to effectively respond to plaintiff's Complaint, fully participate in court conferences, or prepare discovery in accordance with the time deadlines set forth in Local Civil Rule 33.2.

Finally, this Office respectfully contends that, should the Court grant a stay in this action, any prejudice plaintiff incurs as a result will be minimal, and will be significantly diminished by the fact that the DOC is actively investigating his claims. In fact, should a stay be issued until the conclusion of the investigation, the relevant information will be compiled and presented in a way that will beneficially streamline discovery for all parties, including plaintiff.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation until thirty (30) days after the conclusion of the DOC investigation. This will give this Office the time and opportunity needed to review facts necessary to making representational decisions and thoroughly investigating plaintiff's claims, and to avoid the prejudice risked by making those decisions prematurely.

Thank you for your consideration in this regard.

Respectfully submitted,

*Rachel Seligman Weiss* /S/
Rachel Seligman Weiss
*Senior Counsel*
*Special Federal Litigation Division*


cc:  **VIA FIRST CLASS MAIL**
William Thomas
*Plaintiff* Pro Se
13-A-2123
Green Haven Correctional Facility
594 Route 216
P.O. Box 4000
Stormville, NY 12582